IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AHMED YOUSSEF FARAG, <br>   A#79 138 581 | * | |
|            Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RDB-06-1828 |
| ALBERTO GONZALES, | * | |
|            Respondent. | | |
| | *** | |

**MEMORANDUM OPINION**

I. Procedural History

On July 18, 2006, the Clerk received for filing this Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241 filed by Ahmed Youssef Farag. Petitioner attacks his continued detention by the Department of Homeland Security ("DHS") pending the completion of removal proceedings instituted against him. (Paper No. 1). Respondent has filed a Response to the Petition. (Paper No. 3). No reply was filed. The case is ready for this Court's consideration. No hearing is deemed necessary. *See* Local Rule 105.6. (D. Md. 2004).

II.    Discussion

The facts placed in the record before this Court are not in dispute. Petitioner is a native and citizen of Egypt who entered the United States as a nonimmigrant visitor in 1999, and remained beyond the authorized period. On February 19, 2003, Petitioner was served with a Notice to Appear charging him as removable from the United States under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained in the United States longer than permitted. (Paper No. 3, Ex. A). Petitioner's removal proceedings were administratively closed by consent of the parties by the Arlington, Virginia Immigration Court on December 3, 2003. *(Id.)*

Petitioner pled guilty to Criminal Possession of a Forged Instrument in the Second Degree in violation of 170.25 of the New York Penal Code on March 30, 2005, and was sentenced to a term

of imprisonment of one year by the Supreme Court of the State of New York. (*Id*., Ex. B). On April 6, 2006, Petitioner was arrested by the Maryland Transportation Authority Police for speeding and driving on a suspended license. *(Id*., Ex. C).  At the time of his arrest, Petitioner possessed New York, New Jersey and Virginia drivers licenses, multiple credit cards, and multiple Social Security cards in others' names.  Petitioner also possessed a New York Police Department Intelligence Division Restricted Parking Plate. *(Id*., Ex. C).

Petitioner was taken into ICE custody from state custody on May 11, 2006.  Unaware that Petitioner was already in removal proceedings before the Arlington Immigration Court, a new Notice to Appear was served on Petitioner and filed with the Baltimore Immigration Court.  The Baltimore Immigration Judge terminated the new proceedings on June 15, 2006, because removal proceedings were already pending in the Arlington Immigration Court. (*Id*., Ex. A).

On June 1, 2006, ICE filed a motion with the Arlington Immigration Court seeking to recalendar Petitioner's removal proceedings and to change the venue to the Baltimore Immigration Court. (*Id*., Ex. A).  On July 27, 2006, ICE filed another motion to recalendar Petitioner's case and change venue to Baltimore. (*Id*.)  On August 14, 2006, the Arlington Immigration Court granted ICE's motion by recalendaring Petitioner's removal proceedings and changing venue to the Baltimore Immigration Court. (*Id*.)

Petitioner appeared before the Baltimore Immigration Judge on September 12, 2006, for a bond redetermination hearing. The Immigration Judge ordered that Petitioner remain in ICE custody without possibility of release on bond and scheduled another bond redetermination hearing for September 21, 2006.  This Court has not been apprized of the outcome of the September 21, 2006 redetermination hearing, or if the hearing was even held.

III.     Analysis

A determination of an Immigration Judge is not administratively final where an appeal is taken to the BIA. *See* 8 C.F.R. § 1003.39. A decision of the BIA becomes administratively final unless the case is remanded to the Immigration Judge or certified to the Attorney General. *See* 8 C.F.R. § 1003.1(d)(6). Upon application of these regulations, Petitioner clearly remains in removal proceedings. Petitioner did not appeal the September 12, 2006, determination of the Immigration Judge. It is unclear whether the September 21, 2006 redetermination hearing was held and whether Petitioner appealed any adverse determination. As such, it is not clear, based upon the record before this Court, whether Petitioner has exhausted available administrative remedies.

Notwithstanding issues surrounding Petitioner's exhaustion of administrative remedies, he is not entitled to relief. As correctly noted by Respondent, the majority of aliens may be released from immigration custody during their removal proceedings upon posting bond. *See* INA § 236(a), 8 U.S.C. § 1226(a). Some aliens, however, are not subject to these bond provisions. Rather, they are subject to the mandatory detention provisions of INA § 236(c), 8 U.S.C. § 1226. Section 236(c) provides that aliens who are removable from the United States due to certain categories of criminal convictions or terrorist activity are subject to mandatory custody and may not be released on bond.

Petitioner is charged as removable from the United States as a nonimmigrant who has overstayed his visa. He is not, therefore, subject to the mandatory custody provision of 8 U.S.C. § 1226(c), but rather may be released as a matter of discretion upon posting bond pursuant to 8 U.S.C. § 1226(a). In light of Petitioner's prior conviction for possession of a forged instrument and his apprehension in Maryland with multiple identity documents and credit cards belonging to others, ICE has determined that Petitioner poses a flight risk should he be released on any amount of bond. Accordingly, the bond set by ICE under 8 U.S.C.§ 1226(a) is "no bond." The Immigration Judge

agreed with ICE's determination of bond status at the bond redetermination hearing on September 21, 2006.

Petitioner's § 2241 challenge to his detention is foreclosed by the Supreme Court decision in *Demore v. Kim*, 538 U.S. 510 (2003).[1] *Kim* held that "[d]etention during removal proceedings is a constitutionally permissible part of [the removal] process" and that, in particular, a lawful permanent resident alien may be detained during the "limited period of his removal proceedings" without an individualized determination of the alien's flight risk or the danger he might pose to the community. *Id.*, 538 U.S. at 531. The Court reaffirmed its view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings and upheld the mandatory detention of criminal aliens pursuant to § 236(c) as a constitutionally permissible part of the removal process. *See id.* The Court further concluded that, notwithstanding evidence that other courses of action were available to Congress, the Government was not obligated under the Due Process Clause "to employ the least burdensome means to accomplish its goal" in "dealing with deportable aliens." *Id.* at 528. In sum, the *Kim* opinion held that the § 236(c) mandatory detention provision for criminal aliens is a constitutionally permissible part of the removal process and does not violate the Due Process Clause of the Constitution.

At the time of filing, Petitioner had been held in § 236(c) detention for approximately two months. Subsequent to the filing of this Petition, Petitioner's ICE proceedings were recalendared, the venue was transferred to Baltimore, and Petitioner's bond status was reviewed. There is no showing that despite delays in having Petitioner's case recalendared and transferred to Baltimore,

---

[1] The Supreme Court considered the constitutionality of § 236(c) to resolve a conflict among the circuit courts. The Third Circuit had upheld a facial challenge to § 236(c). *See Patel v. Zemski*, 275 F.3d 299 (3d Cir. 2001). The Fourth, Ninth and Tenth Circuits each held that § 236(c) was unconstitutional as applied to specific legal permanent resident alien petitioners. *See Welch v. Ashcroft*, 293 F.3d 213 (4th Cir. 2002); *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002); *Kim v. Ziglar*. 276 F.3d 523 (9th Cir. 2002). The Seventh Circuit had upheld the constitutionality of § 236(c) in *Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999).

Petitioner's continued detention for limited purposes of his removal has been substantially delayed in an unreasonable manner. Moreover, there has been no demonstration that Petitioner is facing a significant period of detention for an indeterminate period of time, nor does it appear that Petitioner contests the charges of removability.[2] Thus, Petitioner's current detention during the pendency of his removal proceeding does not violate due process and is constitutional.

IV.     Conclusion

For the aforementioned reasons, this petition for writ of habeas corpus shall be dismissed without prejudice.[3] A separate Order follows.

November 28, 2006                              /s/

                                                   RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE

---

[2] In a concurring opinion in *Kim*, Justice Kennedy indicated that he understood the majority opinion to allow a challenge to § 236(c) detention when, for example, there has been an unreasonable delay by the DHS or when the criminal alien does not concede deportability. *Kim*, 538 U.S. at 531-533. These comments were, however, made in a concurring opinion. In any event, Petitioner presently does not fall into any of the exceptions noted by Justice Kennedy.

[3] The court makes two observations. First, with the dismissal of this case without prejudice, Petitioner is free to re-file a § 2241 petition should he wish to challenge anew his detention due to unforeseen delays in the removal process.